Gregory J. Christiansen (10455)
Guardian Law, LLC
833 E Pioneer Road, Suite 102
Draper, Utah 84020
E-mail: greg@guardianlaw.com
Tel: 844-409-1122

*Attorneys for Defendant MRS BPO, LLC (0161) and*
*Defendant MRS BPO, LLC (0131)*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| MATTHEW LOWERY EREKSON,<br><br>  Plaintiff,<br><br>v.<br><br>MRS BPO, LLC, (0161); MRS BPO, LLC (0131), NCB MANAGEMENT SYSTEMS, INC. (0143), NCB MANAGEMENT SYSTEMS, INC. (0131), and J. Doe 1-6,<br><br>  Defendants. | **DEFENDANTS MRS BPO, LLC (0161) AND MRS BPO, LLC (0131)'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Case No. 1:25-cv-00060-CMR<br><br>Magistrate Judge: Hon. Cecilia M. Romero |

Defendants MRS BPO, LLC (0161) and MRS BPO, LLC (0131) (collectively the "MRS Defendants"), by and through undersigned counsel, hereby request the Court to dismiss Counts I (partially), II, and V of Plaintiff Matthew Lowery Erekson's ("Plaintiff") Complaint for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

I.   **RELIEF SOUGHT AND GROUNDS FOR THE MOTION**

The MRS Defendants move this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing Counts I (partially), II and V of Plaintiff Matthew Lowery Erekson's Complaint with prejudice because Count I, Count II, and Count V of Plaintiff's Complaint fail to

1

allege plausible claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), or violations of fraud.

## II.  INTRODUCTION

Plaintiff alleges that the MRS Defendants violated the FDCPA and state law during a series of communications between Plaintiff and the MRS Defendants from February 27, 2024, through April 18, 2024. (Doc. 1 at ¶¶ 11-21). Count I of Plaintiff's Complaint should be dismissed because Plaintiff's allegations concerning text messages that occurred from February 27, 2024, through March 21, 2024 are barred by the FDCPA's one-year statute of limitations. Plaintiff's claim that the MRS Defendants violated the FDCPA by only offering Plaintiff the ability to text "STOP" in response to the MRS Defendants' text messages to Plaintiff rather than offering a "No Contact" option also should be dismissed because the FDCPA also does not require the MRS Defendants to offer a "No Contact" option. (Doc. 1 at ¶ 35). Count II of Plaintiff's Complaint should be dismissed because a claim under 15 U.S.C. § 1692c(b) may only be brought by the debtor, not a third-party. (Doc. 1 at ¶ 37). Count V of Plaintiff's Complaint should be dismissed because the MRS Defendants did not engage in any conduct that may be construed as an attempt to hide their identity, or to deceive, mislead or be fraudulent in their communications with Plaintiff. (Doc. 1 at ¶¶ 45-52).

## III.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 28, 2025, Plaintiff filed Plaintiff's Complaint against the MRS Defendants, Defendant NCB Management Systems, Inc. (0143), and Defendant NCB Management Systems, Inc. (0131) (collectively the "NCB Defendants") in the District Court of the Second Judicial District in and for Davis County, Utah. (Doc. 1). On May 2, 2025, the NCB Defendants removed this action to this Court, and the MRS Defendants consented to the removal. (Doc. 1). On May 9,

2025, the MRS Defendants filed a Motion for an Extension of the deadline to answer, move or otherwise plead to Plaintiff's Complaint. (Doc. 6). On May 12, 2025, this Court entered an Order granting the MRS Defendants' Motion to Extend the deadline for the MRS Defendants to answer, move or otherwise plead to Plaintiff's Complaint until May 23, 2025. (Doc. 10). Thus, MRS's instant Partial Motion to Dismiss is timely.

Plaintiff alleges that the MRS Defendants, attempting to collect an outstanding financial obligation owed by Plaintiff, sent Plaintiff text messages on the following dates: February 27, 2024, March 4, 2024, March 7, 2024, March 13, 2024, March 16, 2024, March 21, 2024, April 1, 2024, April 4, 2024, April 9, 2024, April 15, 2024, and April 18, 2024. (Doc. 1 at ¶¶ 11-21). Plaintiff alleges that each of the foregoing text messages stated:

> Please contact MRS BPO, LLC at (833) 550-1826 regarding a matter from NCB MANAGEMENT SERVICES, INC. MRS is a collection agency. If you want to opt out of further text messages reply with STOP. Visit us at: https://portal.mrsbpo.com. To see important rights and information, click mrsbpo.com/disclosures.

(Doc. 1 at ¶ 11).

Plaintiff alleges that the MRS Defendants violated the FDCPA by failing to provide Plaintiff with a "First Notice Letter" prior to the initiation of the MRS Defendants' debt collection efforts via SMS on February 27, 2024. (Doc. 1 at ¶¶ 27, 29-31). Plaintiff also alleges that the MRS Defendants violated the FDCPA by only offering Plaintiff the ability to text "STOP", instead of offering a "No Contact" option. (Doc. 1 at ¶ 35). Plaintiff alleges that the "MRS Defendants contacted Plaintiff with respect to a third-party's debt, in violation of the privacy provisions of the FDCPA." (Doc. 1 at ¶ 37).

Plaintiff further alleges that the MRS Defendants "used different state registrations in an attempt to thwart or hide their identity and liability." (Doc. 1 at ¶ 46). Plaintiff alleges that the MRS Defendants used the different state registrations to "obtain funds from Plaintiff to which they

3

are not entitled by trick, threat or persuasion." (Doc. 1 at ¶ 50). Plaintiff alleges that the "MRS Defendants are separate legal entities as indicated by their different registration numbers." (Doc. 1 at ¶ 47).

## IV.     ARGUMENT

### A.     LEGAL STANDARD

Under the well-established *Twombly* standard, a Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC,* No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)). In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim is insufficient. *Iqbal,* 556 U.S. at 679-80 (quoting *Twombly,* 550 U.S. at 570); *see also Warnick v. Cooley,* 895 F.3d 746, 751 (10th Cir. 2018). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be well-pleaded allegations." *Warnick,* 895 F.3d at 751 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not count as well-pleaded facts." *Id.* (internal quotations omitted) (quoting *Iqbal,* 556 U.S. at 678).

To survive a motion to dismiss, Plaintiff's allegations must meet a standard of "plausibility." *Twombly*, 550 U.S. at 564. The plausibility standard is satisfied "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleading facts that are "merely consistent with a defendant's liability" *Id*. (quotation marks and citations omitted) is insufficient to "nudge [a Plaintiff's] claims across the line from the conceivable to plausible." *Twombly*, 550 U.S. at 570. When deciding a motion to dismiss, the court must "accept as true all of the factual allegations contained in the Complaint" *Twombly*, 550 U.S. at 572.

B. **LEGAL ARGUMENT**

    1. **Plaintiff Fails to State a Claim Under Count I of the Complaint as Plaintiff's Claims are based on alleged conduct that occurred more than <u>one year prior to the filing of the Complaint</u>.**

Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be partially dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The FDCPA contains a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Section 1692k(d) states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d); *see also Rotiske v. Klemm*, 589 U.S. 8, 9-10 (2019) (holding that an FDCPA claim "must be brought 'within one year from the date on which the violation occurs'"). In *Rotiske*, the Supreme Court held that the discovery rule does not apply to FDCPA claims. *Rotiske*, 589 U.S. at 9-10. Plaintiff filed his Complaint on March 28, 2025. (Doc. 1). Thus, the only actionable conduct by Defendant necessarily must have occurred between March 28, 2024, and March 28, 2025. *See* 15 U.S.C. §

1692k(d). The alleged February 27, 2024, March 4, 2024, March 7, 2024, March 13, 2024, March 16, 2024, and March 21, 2024, text messages, allegedly sent by the MRS Defendants, occurred outside of the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). The alleged February 27, 2024, March 4, 2024, March 7, 2024, March 13, 2024, March 16, 2024, and March 21, 2024, text messages cannot serve as a basis for FDCPA liability as a matter of law. *See* 15 U.S.C. § 1692k(d). Therefore, Plaintiff's claims that the MRS Defendants violated the FDCPA by (1) failing to provide Plaintiff with a "First Notice Letter" prior to the initiation of the MRS Defendants' debt collection efforts via text message on February 27, 2024, (2) initiating debt collection efforts prior to the statutory time allowed after the "First Contact Letter", (3) failing to provide Plaintiff with a means by which to contest the debt, and (4) failing to provide Plaintiff the opportunity to verify the alleged debt must be dismissed as each of the foregoing claims are based upon alleged violations that occurred outside of the FDCPA's one-year statutory limitations period. (Doc. 1 at ¶¶ 27-32). *See* 15 U.S.C. § 1692k(d).

## 2. MRS's Text Messages Contained the Required Opt-Out Notice.

Count I of Plaintiff's Complaint also alleges that the MRS Defendants violated the FDCPA by only offering Plaintiff the ability to text "STOP" instead of offering a "No Contact" option. However, the FDCPA does not require electronic messages to offer a "No Contact" option. Rather, Section 1006.6(e) of Regulation F, which implements the FDCPA, requires debt collectors to provide an opt-out notice for any electronic communications or attempts to reach out to consumers. *See* 12 C.F.R. § 1006.6(e). Section 1006.6(e) states:

> A debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the

> consumer can opt out of further electronic communications or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out request.

*See* 12 C.F.R. § 1006.6(e).

Here, the MRS Defendants' text messages with Plaintiff provided Plaintiff with a reasonable and simple opportunity to "opt-out" of further communications with the MRS Defendants:

> Please contact MRS BPO, LLC at (833) 550-1826 regarding a matter from NCB MANAGEMENT SERVICES, INC. MRS is a collection agency. If you want to opt out of further text messages reply with STOP. Visit us at: https://portal.mrsbpo.com. To see important rights and information, click mrsbpo.com/disclosures.

(Doc. 1 at ¶ 11).

Thus, because the FDCPA does not require debt collectors to offer a "No Contact" option, as alleged by Plaintiff, and because the MRS Defendants unequivocally complied with the FDCPA's requirement to provide Plaintiff with an "opt-out" notice in its text messages with Plaintiff, Plaintiff has failed to state a claim upon which relief may be granted, and Count I must be dismissed as a matter of law.

### 3. Plaintiff Fails to State a Claim Under Count II of the Complaint

Count II of Plaintiff's Complaint alleges that the "MRS Defendants contacted Plaintiff with respect to a third-party's debt, in violation of the privacy provisions of the FDCPA." (Doc. 1 at ¶ 37). Section 1692c(b) of the FDCPA governs communications with third parties, which states that:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy,

> a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

Plaintiff's claim that the MRS Defendants allegedly violated 15 U.S.C. § 1692c(b) is without merit, as the privacy protections imposed under this section of the FDCPA are intended to protect the debtor. Here, Plaintiff is alleging that Plaintiff is not the debtor. (Doc. 1 at ¶¶ 22, 25, 34, 48). Therefore, Plaintiff cannot invoke protections of the FDCPA that are intended to protect the debtor from unlawful third-party communications regarding a debt that Plaintiff claims he does not owe. For this reason, Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed as a matter of law.

### 4. Plaintiff Fails to State a Claim Under Count V of the Complaint

Count V of Plaintiff's Complaint alleges that the MRS Defendants "used different state registration numbers in an attempt to thwart or hide their identity and liability" and "attempted to obtain funds, or monies from the Plaintiff to which they, the Defendants, were not entitled, by trick, or threat, or persuasion." (Doc. 1 at ¶¶ 46, 50). Plaintiff's allegations are based upon Plaintiff finding two allegedly different identification numbers belonging to the MRS Defendants: No. 0131 and No. 0161. (Doc. 1 at ¶ 46). However, Plaintiff's allegations are entirely misguided, as MRS BPO, LLC did not engage in any conduct that may be construed as an attempt to defraud Plaintiff in any way. In June of 2023, the State of Utah repealed the law that required all collection agencies operating within the State of Utah to be licensed. *See* Utah H.B. 20. The only requirement imposed upon collection agencies within the State of Utah is to obtain a Certificate of Authority by registering with the Division of Corporations and Commercial Code and have on file a good and

sufficient bond. Utah Code § 12-1-1. The different identification numbers that serve as the basis of Count V of Plaintiff's Complaint represent MRS BPO, LLC's previously held license (0131) and the MRS BPO, LLC's current Certificate of Authority (0161). Attached as Exhibit 1 is a true and correct copy of MRS BPO, LLC's Business Entity Information from the Utah Secretary of State's website, which shows that MRS's current entity number is 6962409-0161. This Court may take judicial notice of the MRS Defendants' Business Entity Information as a matter of public record that is accurately and readily determined from the Utah Secretary of State, whose accuracy cannot reasonably be questioned. URE § 201(b)(2). Accordingly, the different registration numbers belonging to MRS BPO, LLC represent MRS BPO, LLC's compliance with Utah law. For this reason, Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed as a matter of law.

## V. CONCLUSION

For these reasons, the MRS Defendants respectfully request that this Honorable Court grant its Partial Motion to Dismiss and dismiss Count I, Count II and Count V of Plaintiff's Complaint with prejudice.

DATED: May 23, 2025.

                Guardian Law, LLC

                */s/ Gregory J. Christiansen*
                Gregory J. Christiansen

                *Attorneys for Defendant MRS BPO, LLC (0161) and Defendant MRS BPO, LLC (0131)*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS PARTIAL MOTION TO DISMISS** to be electronically filed via the court's CM/ECF system which sent notification and service to all counsel of record.

                                                     */s/ Sharde Parker*
                                                    *Paralegal, Guardian Law, LLC*